| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| Jenna Aryain, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-06-02678 |
| | § | |
| Wal-Mart Stores Texas, L.P., | § | |
| | § | |
| | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1.  *Introduction.*

A young woman worked at a large retail store.  She sued, saying that the store retaliated against her after reporting that she had been sexually harassed.  The store took prompt action to resolve the problem and did not retaliate against her.  The store will prevail.

2.  *Background.*

Jenna Aryain is a former employee of Wal-Mart.  She was hired in February 2005 and worked in the Tire Lube Express department as a cashier.  In June 2005, Aryain's father called the store manager, Gwendolyn Furr. He told Furr that Darrell Hayes, the Tire Lube support manager, had made sexually inappropriate remarks to her.  Furr had no earlier knowledge of the complaint, and she met with Aryain the following day.

During the meeting, Aryain listed twelve specific remarks she claimed Hayes had made and gave the names of four associates she thought could corroborate her claims.  Also, Aryain told Furr that she still felt comfortable working in the Tire Lube Express as

long as Hayes did not know about the complaint. She continued to work there throughout the investigation, but never again worked with Hayes.

Hayes denied the allegations of sexual harassment. The associates that Aryain named had no direct knowledge of Aryain's incidents, and there was no corroborating evidence. After Furr told Aryain that there was no basis for disciplining Hayes, Aryain's father requested that Aryain be transferred from Tire Lube Express.

Furr immediately transferred Aryain to the infants department. Aryain's job code was not changed to the infants department because her pay would have been reduced. Following the transfer, Aryain was not included in the July 16-22 work schedule.

On July 15, Aryain resigned. She was unhappy with Furr's response to her complaints, her assignment to infants, and Furr's mistreatment of her following the investigation. She was also dissatisfied with working in the infants department and believed she was not included in the schedule because of her complaint.

3.  *Harassment.*

If an employer exercises reasonable care to correct the harassment and the employee fails to take advantage of preventative or corrective opportunities offered by the employer, the employer is not liable. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). Wal-Mart took the appropriate steps to prevent and correct the sexual harassment. As soon as Furr learned of Aryain's complaint, she started an investigation and made sure Aryain did not work with Hayes again.

On several occasions, Aryain failed to notify Wal-Mart of the harassment. In May 2005, she was given the opportunity to report the harassment during her performance evaluation. She was also aware of the company's open-door policy and was encouraged to address any concern she had with the store manager or regional manager. Before her father's learning of Hayes's behavior, Aryain complained only to C.J. Coker, a Tire Lube Express Support Manager. Coker told Aryain to speak with management, but she did not do so. Furr did not learn of Hayes's comments until Aryain's father spoke with her. Also,

Aryain never requested to be transferred; her father demanded that she be moved – and she was moved.

Wal-Mart is not liable. The store acted promptly once it was notified of Hayes's comments, and it took the prompt, direct steps to prevent further harassment. See *Madray v. Publix Supermarkets*, 208 F.3d 1290, 1300 (11th Cir. 2000).

4.   *Retaliation.*

To prove retaliation, Aryain must show that she experienced a materially adverse harm that would dissuade a reasonable person from making another charge of discrimination. She also has to prove that the harm was caused by her making the complaint. *Burlington Northern & Sante Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2415 (2006).

Aryain views her transfer to the infants department as a materially adverse harm because it is a less desirable area to work. Although Aryain may have been subjectively unhappy with the transfer, it was not objectively adverse. A transfer is not adverse merely because the employee dislikes it. It must substantially change the terms, conditions, or benefits of employment. In the infants department, she enjoyed the same salary she had in Tire Lube Express – a higher rate than others in infants, and she retained the same responsibilities and job title. She never had to do anything that was outside her job description. Even though she preferred to work in either the garden or sporting goods department, her position in infants was not substantially worse than her previous position.

Aryain claims that the two managers who conducted Wal-Mart's investigation harassed her afterwards. On one occasion, they made Aryain empty and break down clothing racks. Aryain says this was a punishment because it is only done by men working the night shift. However, Aryain's job description includes such tasks, and she was helped by two other associates, making her claim patently false.

She also says that Furr took clothes out of her hands and dropped them on the floor; made ugly faces to her; whispered to others about her; and made her wait in front of the office for over an hour. Personality conflicts and rude behavior by supervisors are

not actionable retaliatory conduct. An employee's decision to report discrimination does not protect the employee from petty insults, minor annoyances, or lack of good manners that often occur in the workplace. *Burlington*, 126 S.Ct. at 2415. Aryain, therefore, has no reasonable basis for her belief that her complaint caused retaliation.

Although Aryain was left off the schedule for the week of July 16, it was inadvertent. When an employer excludes an employee from the schedule, it may be evidence of retaliation; however, it is not retaliation if there is a reasonable explanation for the action. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506-07 (1993). Wal-Mart gave a legitimate reason for leaving her off the schedule; Furr's decision not to change Aryain's job code resulted in her name being absent from the infant department employee list. The schedules are automatically generated two weeks in advance by Wal-Mart's computer system. When the July 16 week schedule was created, Aryain's name did not appear. This was simply the result of an accounting oversight. The management did not realize that Aryain had been left off the schedule, and Aryain quit rather than notify them of the error when the schedules were posted. Wal-Mart was not given the opportunity to fix the mistake because Aryain quit on July 15. Aryain suffered no adverse employment action. The scheduling error was a direct consequence of Wal-Mart's transferring Aryain to a less demanding job at her old pay – an act of cooperation rather than retaliation.

5.      *Constructive Discharge.*

Aryain also claims that she was constructively discharged. Constructive discharge is not an independent claim; it is only a defense to the worker's having left rather than complain. An employee must show that the abusive working environment made conditions so intolerable that a reasonable person in her position would have quit. Unless the conditions are unusually severe, the employee is expected to remain on the job while the employer addresses the complaint. *Pa. State Police v. Saunders*, 542 U.S. 129, 147 (2004) (citing *Perry v. Harris Chernin, Inc.*, 126 F.3d 1010, 1015 (7th Cir. 1997)).

There is no evidence that her working conditions were so intolerable that she had to resign.  Her transfer to infants was not a demotion, her pay and responsibilities were not reduced, and her new work was not menial or degrading.  The harassment Aryain claims she suffered after her transfer would not force a reasonable person to quit.  Also, she did not report the annoying acts and never gave Wal-Mart an opportunity to remedy the situation. Her claim of constructive discharge, therefore, fails.

6. *Conclusion.*

Wal-Mart quickly responded to address Aryain's complaint and prevented future harassment.  Following the investigation, Wal-Mart did not retaliate against her or force her to leave.  Wal-Mart will prevail, and Jenna Aryain will take nothing on the judgment.

Signed June 30, 2007, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge